UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62321-SMITH/VALLE

JOANN KAREN JOHNSON-
DENNISON,

    Plaintiff,

v.

MARTIN O'MALLEY,
COMMISSIONER OF
SOCIAL SECURITY,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's [Unopposed] Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act (the "Motion") (ECF No. 13), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

Upon Defendant's Unopposed Motion to Remand Under Sentence Six of 42 U.S.C. § 405(g) (ECF No. 8), the District Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 9, 10). Plaintiff now seeks an award of her attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). *See* (ECF No. 13). Defendant does not oppose this request for fees. *See id.* at 9.

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

"substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Here, based on the consent to remand, it is undisputed that Plaintiff is the prevailing party.  *See* (ECF Nos. 8 at 1, 13 at 2-4).  Further, Plaintiff argues (and Defendant does not dispute) that fees and expenses may be awarded where Defendant's position was not substantially justified, and no special circumstances exist that would render a fee award unjust.  *See* (ECF No. 13 at 2-3).  Thus, the only issue is whether Plaintiff's requested attorney's fees are reasonable.

### I. ATTORNEYS' FEES

Plaintiff seeks an award of $1,437.94 in attorney's fees and $402.00 in costs.  *Id.* at 4.  The attorney's fees result from 6.6 hours of work performed by attorney Bill B. Berke at an hourly rate of $217.87.  *Id.* at 7-8.

Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living.  *See id.* at 8; 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328-PDB, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate of $214.29 for attorney work performed in 2021); *Williams v. Kijakazi*, No. 22-CV-60964-RS, 2023 WL 5507723, at *1 (S.D. Fla. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 5507724 (S.D. Fla. Aug. 25, 2023) (adopting the undersigned's recommendation to award EAJA fees based on hourly rate of $234.95 for work performed in 2022-23).  Based on a review of the record, the undersigned finds that the attorney's hourly rate is supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit.  *See, e.g.*, *Dewees*, 2022 WL 1406667, at *6.

Next, given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF No. 13 at 5-9), the undersigned finds that Plaintiff's request for attorney's fees is reasonable.  *See Norman v. Hous. Auth. of*

2

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same).

Lastly, in the Motion, Plaintiff discloses that she has assigned to her attorney any fee award she may receive under the EAJA. (ECF Nos. 13 at 4, 13-2 at 2). Accordingly, once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States, the fees should be paid directly to counsel. *See, e.g.*, *Williams*, 2023 WL 5507723, at *2 (recommending that fees be paid directly to counsel). *But see*, *Harrell v. Colvin*, No. 14-CV-20513 (S.D. Fla. Apr. 10, 2015) (ECF No. 39) (discussing the split in the District regarding assignment of EAJA fees and concluding that fees should be paid directly to plaintiff).

## II.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's [Unopposed] Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act (ECF No. 13) be **GRANTED**. Plaintiff should be awarded **$1,437.94** in attorney's fees and **$402.00** in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

Finally, given the unopposed nature of the Motion, the undersigned recommends that the District Judge shorten the objection period to this Report and Recommendation to seven days. *See* S.D. Fla. Mag. R. 4(b) (providing a 14-day objection period for Magistrate Judge's

recommendation unless a different period is prescribed by the Court); 28 U.S.C. § 636(b)(1) (providing a 14-day objection period for Magistrate Judge's recommendation). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on May 2, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    Counsel of Record

4